878 F.2d 1445
 11 U.S.P.Q.2d 1734
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HALEM INDUSTRIES, INC., Plaintiff-Appellant,
v.
FASCO INDUSTRIES, INC., Defendant-Appellee.
 No. 89-1013.
 United States Court of Appeals, Federal Circuit.
 May 17, 1989.
Rehearing Denied July 6, 1989.
 
 Before FRIEDMAN, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Halem Industries, Inc. (Halem) appeals the district court's judgment, Halem Indus., Inc. v. Fasco Indus., Inc., No. SH-C-86-190 (W.D.N.C. August 23, 1988), granting the summary judgment motion of Fasco Industries, Inc. (Fasco), declaring Halem's United States Patent No. 3,462,964 ('964) invalid, and dismissing Halem's infringement action with prejudice. Halem also appeals the district court's previous grant of a new trial. We affirm.
 
 OPINION
 
 2
 Halem's contention that the district court abused its discretion by granting Fasco's Federal Rule of Civil Procedure 59(a) motion for a new trial on patent validity is unpersuasive. In this case, we look to the Fourth Circuit to identify our standard of review. See Sjolund v. Musland, 847 F.2d 1573, 1576, 6 USPQ2d 2020, 2023 (Fed.Cir.1988) (applying law of the regional circuit to procedural issues not unique to patent law). The grant of a new trial in that circuit is a matter resting in the sound discretion of the district court and is reversible only in the most exceptional circumstances. City of Richmond v. Atlantic Co., 273 F.2d 902, 916-17 (4th Cir.1960).
 
 
 3
 The district court stated at the hearing that:
 
 
 4
 I am constrained to believe that there very well could have been some confusion on the part of the jury with reference to the [validity issue] too. It may very well be that as a matter of law the defendant is entitled to summary judgment on that issue. But I am constrained to believe that the better solution of that at this point is to grant the alternative motion of granting a new trial on the issue of validity.
 
 
 5
 This statement indicates the district court's concern that the jury may have been confused on the validity issue in light of its clear confusion on the infringement issue. Because of that concern, we cannot say the trial court abused its discretion in granting a new trial.
 
 
 6
 Summary judgment is appropriate where no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Halem does not dispute that the Japanese publication discloses the use during initial acceleration of a flexible diaphragm switch to disconnect and connect an automobile air conditioner in response to an intake manifold pressure. These facts clearly support a conclusion that claims 1-12 of the '964 patent would have been obvious under 35 U.S.C. Sec. 103 (1982 & Supp. V 1987). Accordingly, we affirm the district court's judgment.